UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| SARAH EDINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF KENTUCKY, LEXINGTON DIVISION

Comes now Defendant, Liberty Life Assurance Company of Boston, by counsel, and respectfully notifies this Court of the removal of the above-styled cause from the Mercer Circuit Court of Mercer County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Lexington Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and states as follows:

I.

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"); diversity of citizenship jurisdiction under 28 U.S.C. §1332; and supplemental jurisdiction under 28 U.S.C. §1367.

II.

On or about April 9, 2019, Plaintiff filed in the state court the above-entitled civil action, bearing Case No. 19-C-00096 in the records and files of that Court.

III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Eastern District of Kentucky, Lexington Division, has original jurisdiction under 28 U.S.C. §1331, §1332, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as a participant and/or alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

    a.    At all times relevant hereto, Baptist Healthcare System, Inc. established and/or maintained an employee welfare benefit plan, and Plaintiff alleges that she was covered under said employee welfare benefit plan, and, as such, was a participant and beneficiary under said employee welfare benefit plan;

    b.    The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." [Complaint ¶ 19];

    c.    The plan was established and is maintained for the purpose of providing, among other things, life insurance benefits for participants in the plan;

    d.    The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1) [Complaint ¶ 19];

  e. Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan [Complaint ¶ 20]; and

  f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VI.

In addition or alternatively, this Court has subject matter jurisdiction over this matter because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Although Defendant denies that Plaintiff is entitled to any remedy herein, much less the remedy sought in her Complaint, the life insurance coverage at issue in this case exceeds the statutory minimum of $75,000.00. Plaintiff alleges that she is a citizen of the Commonwealth of Kentucky. [Complaint at ¶ 1] Defendant was incorporated under the laws of the State of New Hampshire and has its principal place of business in Indiana or Massachusetts.

VII.

This action is therefore one of which the United States District Court for the Eastern District of Kentucky, Lexington Division, has original federal question jurisdiction under 28

U.S.C. §§1331 and 1441, as well as 29 U.S.C. §1132, 28 U.S.C §1332, and/or supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441. Mercer County, Kentucky is within the venue of the Lexington Division of the United States District Court for the Eastern District of Kentucky.

VIII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

    a.    The time for filing this petition under 28 U.S.C. §1446 has not expired;

    b.    Plaintiff's Complaint pleads claims and relief under ERISA [Complaint ¶¶ 19, 20, 22, 23];

    c.    Even if the claims were artfully crafted so as to not mention ERISA, in the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that such claims are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

    d.    In the alternative argument in her pleading, Plaintiff acknowledged if the employee welfare benefit plan at issue in this case is governed by ERISA, then Plaintiff seeks recovery under ERISA; and

    e.    To the extent any of Plaintiff's claims are governed by state law, this Court has diversity and supplemental jurisdiction over such claims.

IX.

Therefore, Defendant files this Notice of Removal of this action from the Mercer Circuit Court, Mercer County, Kentucky, in which it is now pending, to the United States District Court

for the Eastern District of Kentucky, Lexington Division. There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

X.

Also attached to this notice, marked as Exhibit "B" and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the Mercer Circuit Court, Mercer County, Kentucky.

WHEREFORE, Defendant notifies this Court of the removal of this action from the Mercer Circuit Court, Mercer County, Kentucky to the United States District Court for the Eastern District of Kentucky, Lexington Division.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Kevin E. Roberts
Kevin E. Roberts, KY Bar No. 96835
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Ph.: (317) 916-1300
Fx.: (317) 916-9076
kevin.roberts@ogletree.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019 the foregoing *NOTICE OF REMOVAL* was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    None

I hereby certify that on May 3, 2019 the foregoing *NOTICE OF REMOVAL* was served on the following counsel of record by depositing a copy of same in the United States mail with sufficient first-class postage pre-paid:

    Elizabeth A. Thornsbury, Esq.
    M. Austin Mehr, Esq.
    Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
    201 W. Short St., Suite 800
    Lexington, KY 40507

    /s/ Kevin E. Roberts
    Kevin E. Roberts