| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 |   **CIVIL SUMMONS** | Case #: **19-CI-00096**<br>Court:   **CIRCUIT**<br>County: **MERCER** |
|---|---|---|

*Plantiff*, **EDINGTON, SARAH VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**, *Defendant*

TO:   **CORPORATION SERVICE COMPANY**
      **421 WEST MAIN STREET**
      **FRANKFORT, KY 40601**

Memo: Related party is LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

The Commonwealth of Kentucky to Defendant:
**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Allison Buchanan, Mercer
Circuit Clerk
Date: **4/9/2019**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 157342311439709@00000063184
CIRCUIT: 19-CI-00096 Certified Mail
EDINGTON, SARAH VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON



Page 1 of 1

**eFiled**

EXHIBIT A

Exhibit A

Filed         19-CI-00096     04/09/2019          Allison Buchanan, Mercer Circuit Clerk

COMMONWEALTH OF KENTUCKY
MERCER CIRCUIT COURT
CIVIL ACTION NO. 19-C-00096
*Electronically Filed*

SARAH EDINGTON                  PLAINTIFF

vs.           **COMPLAINT**

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON      DEFENDANT

**To be served through process agent:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Sarah Edington, and for her Complaint against Defendant Liberty Life Assurance Company of Boston, states as follows:

1. The Plaintiff, Sarah Edington, is a citizen and resident of Mercer County, Kentucky.

2. Defendant Liberty Life Assurance Company of Boston ("Liberty Life") is an insurance company believed to be domiciled in the state of New Hampshire, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

3. Liberty Life may be served with process through its agent registered with the Kentucky Department of Insurance: Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

4. Jurisdiction is proper in this Court because Liberty Life transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Mercer County, Kentucky.

5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Baptist Healthcare System, Inc. ("Baptist") employed as a Registered Nurse.

6. The Defendant supplied and issued a policy of insurance to Baptist, where the Plaintiff obtained coverage for life insurance. The applicable insurance policy number is believed to be SA3-850-291448-01.

7. The insurance policy contains a waiver of premium provision, whereby premiums are to be waived when the claimant is disabled.

8. Plaintiff is entitled to have premiums waived under the life insurance policy because she is disabled, as defined in the insurance policy, from performing her past occupation at Baptist and any other occupation.

9. The policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following terms:

> **WAIVER OF PREMIUM FOR TOTAL DISABILITY**
>
> If a Covered Employee becomes Totally Disabled while insured under this policy he may be eligible for continued Life Insurance Coverage without premium payment, provided that:
>
> 1. he becomes Totally Disabled while insured under this policy and before age 65;
> 2. within one year from the date he is no longer in Active Employment Liberty receives initial proof that his Total Disability has continued for 6 months (initial Proof); and
> 3. during the three months before each anniversary of receipt of initial Proof, Liberty receives Proof of continuation of Total Disability.
>
> "Total Disability" or "Totally Disabled" means the complete inability, as a result of Injury or Sickness, to perform the Material and Substantial Duties of Any Occupation.
>
> "Material and Substantial Duties" means responsibilities that are normally required to perform Any Occupation, and cannot be reasonably eliminated or modified.
>
> "Any Occupation" means any occupation that the Covered Employee is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

2

Presiding Judge: HON. DARREN W. PECKLER (650181)

COM : 000002 of 000005

Exhibit A

10. The Plaintiff, while working at Baptist became disabled as defined in her insurance policy on or about June 28, 2016 and remains disabled.

11. The Plaintiff was and has been unable to perform the material and substantial duties of any occupation, since on or about June 28, 2016, as a result of injury or sickness.

12. A waiver of premium ("WOP") claim was opened with respect to Plaintiff's life insurance coverage. The claim number for Plaintiff's WOP claim is believed to be 7877390.

13. Defendant denied Plaintiff's WOP claim on or about April 2, 2018.

14. Plaintiff timely, and in the manner set forth in the applicable insurance policy, appealed the denial of her claim by letter dated September 26, 2018.

15. In her appeal, Plaintiff submitted additional medical documentation supporting her ongoing disability.

16. By letter dated November 7, 2018, Defendant upheld the denial of Plaintiff's WOP claim.

17. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policies, and/or by law.

## COUNT I

18. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

19. The life insurance policy is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

3

Filed          19-CI-00096     04/09/2019          Allison Buchanan, Mercer Circuit Clerk

20. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

21. The Plaintiff is entitled to past and future waivers of life insurance premiums under the contract of life insurance.

22. Pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Plaintiff has been damaged by Defendant's conduct, and Plaintiff therefore brings this action to recover benefits owed to her under the Policy and plan, to enforce her rights under the terms of the Policy and plan, and to clarify her rights to future benefits under the terms of the Policy and plan, and she is entitled to the foregoing relief, as well as interest, costs and attorney's fees.

23. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

24. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

25. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

## COUNT II

26. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

4

Filed          19-CI-00096     04/09/2019          Allison Buchanan, Mercer Circuit Clerk

Presiding Judge: HON. DARREN W. PECKLER (650181)

COM : 000004 of 000005

Exhibit A

Filed          19-CI-00096    04/09/2019          Allison Buchanan, Mercer Circuit Clerk

27. The Plaintiff is entitled to past and future waivers of life insurance premiums under the contract of life insurance.

28. In the alternative to Count I, to the extent Plaintiff's claims are not governed by ERISA, the Plaintiff is entitled to WOP benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

29. The Defendant should be enjoined from denying waiver of life insurance premiums under the contract.

30. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

1. Judgment against Defendants for full contractual benefits, attorney's fees, prejudgment and post-judgment interest; and

2. Any and all other relief to which Plaintiff appears to be entitled.

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Attorney for Plaintiff*

5

Filed          19-CI-00096    04/09/2019          Allison Buchanan, Mercer Circuit Clerk

Presiding Judge: HON. DARREN W. PECKLER (650181)

COM : 000005 of 000005

Exhibit A



ALLISON B. BUCHANAN
CIRCUIT COURT CLERK
MERCER CIRCUIT & DISTRICT COURTS
MERCER COUNTY JUDICIAL CENTER
224 SOUTH MAIN STREET
HARRODSBURG, KENTUCKY 40330

**CERTIFIED MAIL**

7017 2680 0000 5839 1221

$ 006.95
02 1P
0001985724  APR 10 2019
MAILED FROM ZIP CODE 40330

CI  19-CI-00096
650181

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601

Exhibit A